UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-1750(DSD/HB)

Abdullahi Abukar Mohamed,

       Petitioner,

v.

Jefferson Beauregard Sessions, III,
Attorney General; Kirstjen Nielsen,
Secretary, Department of Homeland
Security; Thomas Homan, Acting Director,
Immigration and Customs Enforcement;
Scott Baniecke, Director, St. Paul Field
Office, Immigration and Customs
Enforcement; Brian Acuna, Director,
New Orleans Field Office, Immigration
and Customs Enforcement,

       Respondents.

**ORDER**

    David L. Wilson, Esq. and Wilson Law Group, 3019 Minnehaha Avenue, Suite 200, Minneapolis, MN 55406, counsel for petitioner.

    Ana H. Voss, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondents.

This matter is before the court upon the motion for a temporary restraining order by petitioner Abdullahi Abukar Mohamed. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

Mohamed is a citizen of Somalia who has resided in the United States since 2014. Pet. ¶ 1. On March 23, 2014, he applied for asylum in San Ysidro, California, based on his membership in a

minority clan in Somalia. Id. ¶ 29; Wilson Decl. Ex. F at 2. He also filed applications for withholding of removal and protection under the Convention Against Torture. Pet. ¶ 29. The immigration judge (IJ) denied the applications on October 18, 2016, and ordered Mohamed's removal. Id. Mohamed did not appeal that decision.

In 2017, Mohamed filed for an adjustment of status based on his marriage to a United States citizen. See Wilson Decl. Ex. G. He was taken into custody by Immigration and Customs Enforcement (ICE) in March 2018 when he appeared for an interview relating to his marriage-based petition. That petition remains pending.

He thereafter filed a motion to reopen his asylum case in the San Diego Immigration Court based on changed circumstances in Somalia. Id. Ex. H. On April 23, 2018, the IJ denied the motion. Id. Ex. F. Mohamed filed an appeal with the Board of Immigration Appeals (BIA) challenging the denial. Id. Ex. E. That appeal is pending. He also filed requests to stay his removal pending final resolution of his marriage-based application and his appeal. Those requests have been denied. Id. Exs. A, C. Mohamed is currently awaiting removal in a detention center in Louisiana. Pet. ¶ 1.

On June 26, 2018, Mohamed filed a petition for habeas corpus seeking a stay of his removal and release from detention, claiming that (1) his removal subjects him to risk of persecution and torture by the terrorist group Al-Shabaab, (2) his removal before the BIA rules on his pending motions constitutes a violation of due

process, and (3) his detention is unlawful.  The same day, Mohamed filed this motion for a temporary restraining order (TRO) seeking a stay of his removal.[1]

## DISCUSSION

### I. Standard of Review

A TRO is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety.  Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).  The purpose of a TRO is to "preserve the status quo until the merits [of the case] are determined."  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981).  In determining whether it should issue a TRO, the court considers: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between the harm to the movant in the absence of relief and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits, and (4) the public interest.  Id. at 114.  But if a court determines it lacks jurisdiction over the matter, it need not analyze the Dataphase factors.  Buezo v. Banieke, No. 08-206, 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008).

---

[1] At the time, Mohamed's removal was believed to be imminent, Wilson Decl. Ex. B; however, the government agreed not to deport him pending the outcome of this motion.

**II. Jurisdiction**

The court lacks jurisdiction over any case that challenges the decision of the Attorney General to execute a removal order:

> [N]otwithstanding any other provision of law ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or executive removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "A claim that is connected directly and immediately to a decision to execute a removal order arises from that decision." Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (internal quotation marks and citation omitted). Here, Mohamed asks the court to stay his removal, a claim that is directly related to the Attorney General's decision to execute a removal order. As a result, the court lacks jurisdiction over his claim. See Sheikh v. Sessions, No. 17-5330, 2017 WL 6033674 (D. Minn. Dec. 6, 2017) (finding no jurisdiction under materially identical circumstances); Mohamed v. Sessions, No. 17-5331, 2017 WL 6021293 (D. Minn. Dec. 5, 2017) (same); Ibrahim v. Sessions, No. 17-5333, 2017 WL 6021314 (D. Minn. Dec. 5, 2017) (same); Adan v. Sessions, No. 17-5328, 2017 WL 6001740 (D. Minn. Dec. 4, 2017) (same).

Although the Eighth Circuit in Silva recognized that Jama v. Immigration and Naturalization Service, 329 F.3d 630 (8th Cir. 2003) carved out an exception to § 1252(g) for habeas claims that raise a pure question of law, the court does not find that the

exception applies here. Silva, 866 F.3d at 941. Unlike the petitioner in Jama, Mohamed does not challenge the Attorney General's construction of a statute, rather his claims are based on the fact-intensive inquiry into whether conditions in Somalia have changed such that his removal should be prevented. See Jama, 329 F.3d at 632-33.

Mohamed cites to Hamama v. Adducci, 258 F. Supp. 3d 828 (E.D. Mich. 2017) and Devitri v. Cronen, No. 17-11842-PBS, 2017 WL 5707528 (D. Mass. Nov. 27, 2017) where the district courts, finding that they had jurisdiction, stayed the execution of a removal order. The court finds that those cases are distinguishable. First, the petitioners in those cases sought injunctive relief so that they could file a motion to reopen with the BIA, something that Mohamed has already done. Hamama, 258 F. Supp. 3d at 830; Devitri, 2017 WL 5707528, at *1. Second, the courts in Hamama and Devitri concluded that the immigration procedures under the REAL ID Act were inadequate and ineffective under the extraordinary circumstances presented. See Hamama, 258 F. Supp. 3d at 840-41 (discussing that the government's execution of removal affected 1,444 persons consequently overwhelming the immigration system and that the aliens had difficulty obtaining and communicating with counsel); Devitri, 2017 WL 5707528, at *7 (discussing the concern that the BIA's emergency procedures may not apply to petitioners because they were not in physical custody). Such extraordinary

5

circumstances are not present here.  Thus, the court is bound to apply Eighth Circuit precedent holding that the procedures provided for under the REAL ID Act afford an adequate and effective alternative to habeas relief.  See Mohamed v. Gonzalez, 477 F.3d 522, 526 (8th Cir. 2007) ("Congress has created a remedy as broad in scope as a habeas petition.  It is an adequate and effective substitute to test the legality of a person's detention.").  As a result, the court must deny injunctive relief.[2]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for a temporary restraining order [ECF No. 7] is denied.

Dated: July 25, 2018

                                                    s/David S. Doty
                                                   David S. Doty, Judge
                                                   United States District Court

---

[2] Mohamed's pending marriage-based application does not affect the court's analysis.  See Mhanna v. U.S. Dept. of Homeland Sec. Citizenship & Immigration Servs., No. 10-292, 2010 WL 5141803, at *16 (D. Minn. Dec. 13, 2010) (Because the USCIS' decision on "an application for adjustment of status is discretionary, this Court does not have jurisdiction to review that decision.").