```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                 Civil No. 18-1750(DSD/HB)
```

Abdullahi Abukar Mohamed,

      Petitioner,

v.                                              **ORDER**

Jefferson Beauregard Sessions III,
Attorney General, et al.,

      Respondents.

    David L. Wilson, Esq., Brittany S. Bakken, Esq. and Wilson Law Group, 3019 Minnehaha Avenue, Suite 200, Minneapolis, MN 55406, counsel for petitioner.

    Ana H. Voss, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondents.

This matter is before the court upon the renewed motion for a temporary restraining order by petitioner Abdullahi Abukar Mohamed. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

Mohamed is a citizen of Somalia who has resided in the United States since 2014. Am. Pet. ¶ 1. In 2014, he entered the United States via Mexico and applied for asylum based on his membership in a minority clan in Somalia. Id. ¶ 30. He also filed applications for withholding of removal and protection under the Convention Against Torture. Id. The immigration judge (IJ) denied the

applications on October 18, 2016, and ordered Mohamed's removal. Id. Mohamed did not appeal that decision.

In 2017, Mohamed filed for an adjustment of status based on his marriage to a United States citizen. See id. ¶ 31. He was taken into custody by Immigration and Customs Enforcement (ICE) in March 2018 when he appeared for an interview relating to his marriage-based petition. That petition remains pending, although the U.S. Citizenship and Immigration Services has indicated its intent to deny that petition. Voss Decl. Ex. A.

He thereafter filed a motion to reopen his asylum case in Immigration Court based on changed circumstances in Somalia. Am. Pet. ¶ 31. On April 23, 2018, the IJ denied the motion. Id. Mohamed filed an appeal with the Board of Immigration Appeals (BIA) challenging the denial. Id. ¶ 32. That appeal is pending. Id. He also filed a request to stay his removal pending final determination of his appeal, which was denied. Id. ¶ 33.

Mohamed then filed a petition for writ of habeas corpus with this court and an emergency request for a temporary restraining order to prevent his deportation to Somalia. Id. ¶ 35. He specifically claimed that his (1) removal subjects him to risk of persecution and torture by the terrorist group Al-Shabaab, (2) removal before the BIA rules on his pending motions constitutes a violation of due process, and (3) detention is unlawful. On July 25, 2018, the court denied the TRO based on lack of jurisdiction.

2

Id. ¶ 36. Two days later, Mohamed filed a motion to remand and to terminate his removal proceedings with the BIA based on recent United States Supreme Court precedent. Id. ¶ 37. He then filed a renewed motion to stay removal pending the outcome of that motion with the BIA. Id. ¶ 38. Both motions remain pending. Id.

On August 16, 2018, Mohamed filed an amended petition for habeas corpus seeking a stay of his removal and release from detention, and adding numerous claims. He now specifically claims that, in addition to those claims raised in his initial petition, (1) his continued detention violates the Immigration and Nationality Act (INA) and due process because the government has failed to establish that he poses a flight risk or danger, (2) the government has violated his due process rights, the INA, and the Administrative Procedures Act (APA) because he has been unable to pursue provisional waivers and legal permanent residence status, and (3) his removal before the BIA rules on his pending motions constitutes a violation of due process. Mohamed now moves for a temporary restraining order (TRO) staying his removal.

## DISCUSSION

### I. Standard of Review

A TRO is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety. <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003). The purpose of a TRO is

to "preserve the status quo until the merits [of the case] are determined." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). In determining whether it should issue a TRO, the court considers: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between the harm to the movant in the absence of relief and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits, and (4) the public interest. Id. at 114. But if a court determines it lacks jurisdiction over the matter, it need not analyze the Dataphase factors. Buezo v. Banieke, No. 08-206, 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008).

**II. Jurisdiction**

The court lacks jurisdiction over any case that challenges the decision of the Attorney General to execute a removal order:

> [N]otwithstanding any other provision of law ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or executive removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "A claim that is connected directly and immediately to a decision to execute a removal order arises from that decision." Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (internal quotation marks and citation omitted). Here, Mohamed asks the court to stay his removal, a claim that is directly related to the Attorney General's decision to execute a removal order. Although he artfully frames his causes of action to

4

read as though they are unrelated to the final order of removal, the court is unpersuaded and finds them to be collateral attacks on the BIA's removal determination.  As a result, and for the reasons stated in the court's previous order, the court lacks jurisdiction over his claim.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the renewed motion for a temporary restraining order [ECF No. 35] is denied.

Dated: October 15, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
